■ BERLEY INDUSTRIES, INC., Respondent-Appellant, v. BRISTOL APARTMENTS CORP. et al., Appellants-Respondents.— In an action to recover a balance owing for heating and air conditioning labor and material furnished in the construction of a building and to recover upon a promissory note, (A) defendants appeal from (1) an order of the Supreme Court, Kings County, dated January 29, 1971, which, upon plaintiff's motion for summary judgment, *inter alia* (a) severed the three counterclaims of defendant Bristol Apartments Corp. against plaintiff and directed trial to proceed thereon, (b) struck paragraphs "1" through "15" of defendants' answer, (c) granted judgment to plaintiff against defendant Bristol Apartments Corp. for $53,000, with interest, and against defendant Leo Tymon for $30,000, with interest, and (d) stayed enforcement of judgment as to both defendants until determination of the counterclaims; and (2) the judgment of said court entered February 5, 1971 upon said order; and (B) plaintiff cross-appeals from so much of said order as severs said three counterclaims, directs trial to proceed thereon, stays enforcement of the judgment and fails to strike out defendants' answer in its entirety. Order modified, on the law, (1) by striking therefrom the first, fifth, sixth and seventh decretal paragraphs, which sever the three counter-

claims, grant judgment to plaintiff against defendants and stay enforcement of judgment as to both defendants; (2) by striking from the fourth decretal paragraph thereof the figure "1" and substituting therefor the figure "7" and by inserting in said paragraph, immediately after the word "defendants", the following: "and all the denials contained in paragraphs 1 through 6 of the answer, except those relating to plaintiff's claim for the $23,000 balance"; and (3) by adding thereto a provision (a) that plaintiff is granted summary judgment against defendants to the extent of $30,000 of its claims, with interest from June 3, 1969 at the rate of 8% per annum, (b) that plaintiff's motion is denied as to the remaining amount of its claims, $23,000, and as to the three counterclaims against it, the issues upon which should be tried, and (c) that entry of judgment for said $30,000 and interest shall be held in abeyance, pursuant to CPLR 3212 (subd. [e]), pending determination of the issues herein directed to be tried. As so modified, order affirmed, without costs. Judgment reversed, on the law, without costs. The March 20, 1968 contract called for payments totaling $154,000. The payments were to be made in installments, upon completion of specified stages of the work. Prior to the June 3, 1969 liquidating agreement, plaintiff had received $85,000 out of the $154,000 contract price. In our opinion, under the terms of the contract, plaintiff had become entitled to payments totaling $131,000. Under the June 3, 1969 liquidating agreement, the corporate defendant delivered in escrow a certified check of $16,000 and its $30,000 promissory note, the payment of which was guaranteed by the individual defendant. Plaintiff then activated the air conditioning system and thus became entitled to release of the $16,000 check and the $30,000 note. The $16,000 check was collected but there was a default on the $30,000 note. Under these circumstances, plaintiff was entitled to summary judgment in the amount of $30,000 on the first cause of action. We are of the opinion that plaintiff's preliquidating agreement filing of a notice of mechanic's lien and refusal to proceed with performance of its contract until payment would be made on the overdue amount did not constitute duress or coercion. Defendants did not substantiate their claims that outside aid could not be obtained and that plaintiff's conduct (rather than Bristol's nonpayment policy) was the reason for Bristol's alleged inability to procure outside help. Bristol received and accepted many advantages from the June 3, 1969 liquidating agreement; and plaintiff gave up or postponed valuable rights. As stated, plaintiff collected on the $16,000 check and was clearly entitled to judgment against both defendants for $30,000 under the note and liquidating agreement. However, the $23,000 balance of the $154,000 contract was not to be paid until all work would be completed and approved. In this connection, Bristol presented evidence that the heating and air conditioning system installed by plaintiff leaked and caused water damage when operated. Bristol could not forecast on June 3, 1969 how the system would function when thereafter activated. Thus, there are issues of fact with respect to the three counterclaims and the $23,000 balance under the second cause of action. Hopkins, Acting P. J., Latham, Christ, Brennan and Benjamin, JJ., concur.